IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MIA C. ALFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 7:14-CV-00196-F |
| v. | ) | |
| | ) | |
| MICHELE M. LEONHART | ) | |
| and SUSAN T. GRUNDMAN, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| MIA C. ALFORD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 7:14-CV-00268-F |
| | ) | |
| MERIT SYSTEMS PROTECTION BOARD, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

This Order addresses the following pending matters in this consolidated action: (1) Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment [DE-21] and Plaintiff's Motion for Summary Judgment [DE-26] in case number 7:14-CV-00196-F (the "Civil Action"); and (2) Petitioner's appeal from a decision of the Merit Systems Protection Board ("MSPB") in case number 7:14-CV-00268-F (the "Appeal"). Plaintiff/Petitioner Mia C. Alford appears *pro se* in both actions.

For the reasons stated below, the MSPB's decision is VACATED and case number 7:14-CV-00268 is REMANDED for a decision on the merits. Case number 7:14-CV-00196 is DISMISSED and all pending motions in that case are DISMISSED as moot.

## I. FACTUAL AND PROCEDURAL HISTORY

On January 29, 2013, Alford filed an appeal with the MSPB challenging her termination from the Drug Enforcement Agency ("DEA"), alleging that the DEA failed to accommodate her disability and fired her in retaliation for an earlier EEOC complaint. The MSPB dismissed the appeal, filed approximately sixteen years after her termination, as untimely. Her subsequent petition for review of that decision was denied on February 4, 2014. Alford appealed to the United States Court of Appeals for the Federal Circuit. On November 18, 2014, that court transferred the appeal to this district. On the same day, Alford filed a complaint against the Defendants, indicating her intent to raise identical issues.[1]

## II. STANDARD OF REVIEW

This matter comes to the court in an unusual procedural posture that implicates the standard of review. In particular, the court must act as the trial court in the Civil Action and the reviewing court in the Appeal, deciding the same issue in both. This Order resolves that conflict and places the litigation on track for resolution.

Generally, a plaintiff who seeks judicial review of a decision by the MSPB must do so in the Federal Circuit. *See Kloeckner v. Solis*, 133 S. Ct. 596, 607 (2012). Where, however, a federal employee's claims before the MSPB include allegations of discrimination, her appeal must be filed in district court. *Id.* This is the case regardless of whether the MSPB decided the case "on procedural grounds or instead on the merits." *Id.* In mixed cases—those containing both

---

[1] Alford indicates that "[t]his case comes from the United States Court of Appeals for the Federal Circuit." Compl., Civil Action [DE-4-1] at 1.

2

discrimination and nondiscrimination claims—"the district court reviews the discrimination claims *de novo* and the nondiscrimination claims under a deferential standard of review, setting aside the MSPB's decision only if findings or conclusions are found to be '(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence.'" *Alguard v. Vilsack*, No. 13-CV-3083-TOR, 2015 WL 5008416, at *2 (E.D. Wash. Aug. 20, 2015) (internal citations omitted).

### III. DISCUSSION

Because the MSPB dismissed Alford's claim based on untimeliness, it did not reach the merits of the case. Likewise, Defendants do not address the merits of Alford's complaint, but ask the court to dismiss it as untimely. Thus, the sole issue before the court is Alford's timeliness.

Generally, a person who wishes to appeal an agency's decision must file the appeal with the MSPB within thirty (30) days of either the effective date of the agency's action or the date the appellant receives notification of the agency's decision, whichever is later. 5 C.F.R. § 1201.22(b). Untimeliness may be excused, however, if "a good reason for the delay is shown." 5 C.F.R. § 1201.22(c). To establish good cause, "a party must show that he exercised diligence or ordinary prudence under the particular circumstances of the case." *Bond v. Dep't of Army*, No. DC07529110477, 1991 WL 249918, at *1 (M.S.P.B. Nov. 20, 1991). The Board will consider "the length of the delay, the reasonableness of [the Petitioner's] excuse and his showing of due diligence, whether he is proceeding *pro se*, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition." *Edwards v. U.S. Postal Serv.*, No. DA-0752-98-0405-I-1,

3

2003 WL 21664189, at *2 (M.S.P.B. July 3, 2003) (citing *Moorman v. Dep't of Army*, No. DA-0752-93-0628-M-1, 1995 WL 382731, at *1 (M.S.P.B. June 21, 1995)). Where a party claims that an illness prevented timely filing, he must: "(1) [i]dentify the time period during which he suffered from the illness; (2) submit medical evidence showing that he suffered from the alleged illness during that time period; and (3) explain how the illness prevented him from timely filing his appeal or a request for an extension of time." *Lacy v. Dep't of Navy*, No. SF-0752-97-0367-I-1, 1998 WL 300878, at *1 (M.S.P.B. June 2, 1998).

Here, Alford claims that her delay in filing is attributable to her mental illness during the applicable limitations period. In support of this claim, Alford presents the following: (1) Independent Psychological Evaluation, dated November 2, 2012, from Dr. Peter Schulz, a licensed psychotherapist, *see* Civil Action [DE 33] at 135–36; and (2) the Findings of Fact and Conclusions of Law section from an administrate law judge's ("ALJ") decision granting Alford's application for supplemental security income, *see* Civil Action [DE 35-1] at 39–40, 45. Alford also notes that she was homeless for at least a portion of the applicable limitations period, making it even more difficult for her to manage her affairs.

Upon conducting his own examination of Alford and reviewing evaluations by other health professionals, Dr. Schulz concluded that Alford "appears to have suffered from a longstanding psychiatric condition that has rendered her unable to work and in need [of] outpatient therapy, monthly evaluations with a psychiatrist, and supportive help in the community with a social service agency's crisis team." Civil Action [DE-33] at 135–36. Specifically, Dr. Schulz noted that Alford has been diagnosed with Schizoaffective Disorder, Major Depressive Disorder – Recurrent, and Anxiety Disorder. Civil Action [DE-33] at 136. Further, Dr. Schulz concluded that Alford's illness "would have rendered her unable . . . to have

4

managed her financial planning and/or legal matters in a reliable or effective manner" in 1996, when she was terminated by the DEA. *Id.*

Turning to the SSA decision, the ALJ provided a summary of Alford's psychiatric treatment and findings by mental health professionals. Civil Action [DE-35-1] at 45. In particular, the ALJ noted that Alford was found to suffer from "constant depression, low energy, hopelessness, restricted affect, anxiety, passive suicidal ideation, thoughts of death directed toward her son, difficulty caring for herself, resulting in being disheveled, chest flutter, [and] headache[s]," and that she "has periods when she stays in the house 'all the time' and lies down." *Id.* Ultimately, the ALJ concluded that "[Alford] has been disabled . . . since April 2, 2008, the date the application for supplemental security income was filed." Civil Action [DE-35-1] at 40.

Upon reviewing this documentation, however, the MSPB concluded Alford had not adequately demonstrated that illness prevented her from filing her appeal. Specifically, the MSPB noted that "other than the disability award letter and 2012 psychological evaluation, the appellant provides no other medical evidence to support her claim of mental illness." Civil Action [DE-36-1] at 175. In addition, the MSPB noted that "during the period of claimed incapacity, the appellant filed an application for disability retirement, pursued her appeal through OPM, and brought two appeals to the Board challenging OPM's determination." *Id.* Given Alford's apparent ability to pursue other claims, the MSPB was dissatisfied by Alford's explanation of her inability to file the instant claim. *See id.*

Having reviewed *de novo*[2] the record provided by the MSPB, the court concludes Alford was suffering from mental illness during the relevant time period. The court does not find, as the MSPB did, that Alford's ability to file other claims during the same time period necessarily

---

[2] In MSPB appeals, the court reviews discrimination claims *de novo* and nondiscrimination claims under a deferential standard. *Alguard*, 2015 WL 5008416, at *2. Alleging failure to accommodate a disability and retaliation, Alford appears to raise only discrimination claims.

5

implies that she was competent to manage her affairs. Rather, the court finds some successful filings on Alford's part may just as likely indicate only that Alford experienced brief periods of lucidity. Moreover, Alford's assertion that her mental illness left her "incapable of handling her affairs" is supported by Dr. Schulz' observation that:

> [t]hough [Alford] is a little confused if her ending date was 1996 or 2003, the matter is insignificant. Based on the information made available for the evaluation, it is clear that she has had a longstanding psychiatric condition that would have rendered her unable to have been able to have managed her financial planning and/or legal matters *in a reliable or effective manner*. . . . [H]er mental health condition at the time of her separation from employment with the Dept. of Justice would have rendered her incompetent to have known that she was supposed to have completed the necessary paperwork to be able to collect her retirement funds and/or benefits.

Civil Action [DE-33 at 136] (emphasis added).

Thus, the court concludes that the MSPB's timely filing requirement should be waived in Alford's case. Accordingly, the MSPB's decision is VACATED and the case is REMANDED for a decision on the merits. As they raise identical issues, resolution of Alford's MSPB petition, case number 7:14-CV-00268, will necessarily resolve case number 7:14-CV-00196. Therefore, case number 7:14-CV-00196 is DISMISSED. All pending motions in that case are DISMISSED as moot.

## IV. CONCLUSION

For the foregoing reasons, the MSPB's decision is VACATED and case number 7:14-CV-00268 is REMANDED for a decision on the merits. Case number 7:14-CV-00196 is DISMISSED and all pending motions in that case are DISMISSED as moot. The Clerk of Court is DIRECTED to serve a copy of this Order on the Merit Systems Protection Board and to close both cases.

SO ORDERED.

This the 25 day of February, 2016.

James C. Fox
Senior United States District Judge